# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LEON FREEMAN,**

    **Plaintiff,**

vs.                                       Case No. 4:18cv230-WS/CAS

**MS. CASTANO,**
**MR. MULLER,**
**and MS. JULIE JONES,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, was granted leave to proceed with in forma pauperis status. ECF No. 11. Based on his Trust Fund Account Statement from the Florida Department of Corrections, and pursuant to § 1915(b), Plaintiff was assessed an initial partial filing fee of $18.00 which was to be paid on or before November 6, 2018. *Id.* Plaintiff was advised that he was "ultimately responsible for payment of the filing fee, even if the agency having custody over the Plaintiff lapses in its duty to make payments on Plaintiff's behalf." *Id.* Furthermore, the Order advised Plaintiff that "[f]ailure to submit the assessed initial partial filing fee [would]

result in a recommendation of dismissal of this action." *Id.* Despite that warning, Plaintiff has not paid the assessed initial partial filing fee. It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on January 14, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv230-WS/CAS